UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **TARIF QANADILO,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )     **Case No. 5:16-cv-635** |
| | ) |
| **URS CORPORATION,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff, Tarif Qanadilo, originally filed this case in the Circuit Court of Jackson County, Alabama, asserting "Claims Under the Alabama Workers Compensation Act" (Count One), "Bad Faith and Refusing and/or Failing to Provide Benefits" (Count Two), and "Negligence" (Count Three) against defendants URS Corporation, AECOM, and AETNA.[1] Defendants subsequently removed the case to this court, asserting federal jurisdiction on the grounds that plaintiff's state law claims are pre-empted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and that all the requirements for diversity jurisdiction had been satisfied.[2] *See* 28 U.S.C. § 1332(a).

This court entered an order on May 9, 2016, severing plaintiff's workers

---

[1] *See* doc. no. 1-1 (Complaint), at 1-4. Plaintiff also asserted claims against several fictitious defendants, but those claims will be disregarded because there is no fictitious party practice in the federal courts. *See New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997).

[2] Doc. no. 1 (Notice of Removal).

compensation claim and remanding it to the Circuit Court of Jackson County. *See* doc. no. 11 (Order of Partial Remand); 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.").

The case currently is before the court on two motions for judgment on the pleadings. The first of those motions was filed by defendant Aetna Life Insurance Company ("Aetna") (which asserts it was improperly named in the complaint as "AETNA").[3] The second motion was filed jointly by defendants AECOM Global II, LLC, which asserts that it is the successor-in-interest to the entity described in the complaint as "URS Corporation," and AECOM.[4] Upon consideration of the motions, briefs, and pleadings, the court concludes that both motions are due to be granted.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that: "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

> "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed

---

[3] *See* doc. no. 13 (Defendant Aetna Life Insurance Company's Motion for Judgment on the Pleadings).

[4] *See* doc. no. 16 (AECOM and AECOM Global II, LLC's Motion for Judgment on the Pleadings).

facts." *Andrx Pharm., Inc. v. Elan Corp.*, 421 F.3d 1227, 1232-33 (11th Cir. 2005). [A district court must] accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Cannon*[ *v. City of West Palm Beach*], 250 F.3d [1299,] 1301 [(11th Cir. 2001)].

*Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010) (alterations supplied). "Dismissal is not appropriate unless the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Jiles v. United Parcel Service, Inc.*, 413 F. App'x 173, 174 (11th Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

While the applicable pleading standard does not require "detailed factual allegations," *Twombly*, 550 U.S. at 550, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged. *Id.,* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Iqbal*, 556 U.S. at 678-79 (emphasis supplied) (first alteration supplied, other

alterations in original).

## II. ALLEGATIONS OF PLAINTIFFS' COMPLAINT

Plaintiff is a former employee of URS Corporation.[5] He medically retired from his position on September 14, 2013, believing that he had a genetic disability unrelated to his work.[6] For his bad faith claim, he asserts:

> 9. Plaintiff paid for and was supplied by URS a disability benefit coverage policy, managed by Defendant AETNA, which provided for, among other things, "Accident and Sickness Benefit Coverage" and "Long-Term Disability (LTD) Benefit Coverage." . . . The "Accident and Sickness Benefit" paid for up to a "maximum payment period of 26 weeks" in the case that Plaintiff should become "totally disabled." . . . However, if Plaintiff was to become "unable to return to work due to [his] continued disability after [his] Accident and Sickness payments are exhausted, Long-Term Disability Benefit Coverage . . . provides [him] with an income." . . . Two options were available — "replacement of 60 percent of your benefit pay, up to a maximum benefit of $10,000 a month" or "replacement of 70 percent of your benefit pay, up to a maximum benefit of $11,667 a month."
>
> 10. All total, Plaintiff only ever received a total of $65,000 and no more.
>
> 11. Defendants['] disability coverage program was intentionally and/or recklessly and/or negligently written in such a way as to confuse Plaintiff with regard to his benefits coverage, such that he had to hire a lawyer just to figure out why they stopped paying him.[7]

To support his negligence claim, plaintiff asserts:

---

[5] Doc. no. 1-1 (Complaint) ¶ 1.

[6] *Id.* ¶ 8.

[7] *Id.* ¶¶ 9-11 (third ellipsis in original, other ellipses supplied) (fourth bracketed alteration in original, other bracketed alterations supplied).

14. Defendants had a duty to properly maintain records, handle disability benefits according to the contract between Defendants and Plaintiff, a duty to take care of the plaintiff by providing disability income, and other duties to be determined and amended as necessary.

15. Defendants failed to properly maintain the Plaintiff's records, failed to handle Plaintiff's disability benefits according to contract, [and] failed to provide disability income to the Plaintiff, thereby breaching their duties to the Plaintiff.[8]

### III. DISCUSSION

Defendants assert that plaintiff's state law claims are pre-empted by ERISA, and that those claims are due to be dismissed because plaintiff failed to exhaust his available administrative remedies.[9] This court already has determined that the state law claims are pre-empted by ERISA,[10] and there is no reason to depart from that determination. The ERISA statute provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Additionally, courts have consistently held that state law claims like those asserted by plaintiff fall under the pre-emption clause. *See, e.g., Walker v.*

---

[8] *Id.* (alteration supplied).

[9] Additionally, Aetna asserts that its decision with regard to plaintiff's entitlement to benefits was in accordance with the terms of the applicable plan and was not arbitrary and capricious. *See* doc. no. 14 (Memorandum in Support of Defendant Aetna Life Insurance Company's Motion for Judgment on the Pleadings), at 11-18. AECOM and AECOM Global II, LLC adopt all of Aetna's arguments, and also assert that they did not issue, administer, or control the plan at issue here. *See* doc. no. 17 (AECOM and AECOM Global II, LLC's Brief in Support of Motion for Judgment on the Pleadings), at 5-6. It is not necessary to address those arguments, because the motions for judgment on the pleadings can be resolved on the alternative grounds discussed herein.

[10] *See* doc. no. 11 (Order of Partial Remand), at 1 n.3.

*Southern Company Services, Inc.*, 279 F.3d 1289, 1293 (11th Cir. 2002) ("[T]he Alabama tort of bad faith is preempted.") (alteration supplied); *Dearmas v. Av-Med, Inc.*, 865 F. Supp. 816, 818 (S.D. Fla. 1994) (holding that a claim for "negligence in the administration of the plan" was pre-empted).

Because plaintiff's claims fall under ERISA, plaintiff was required to exhaust his administrative remedies prior to bringing suit in federal court.

> "The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Counts v. Amer. Gen'l Life & Acc. Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997). This exhaustion requirement applies equally to claims for benefits and claims for violation of ERISA itself. *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1316 n. 6 (11th Cir. 2000). "However, a district court has the sound discretion 'to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate,' . . . or where a claimant is denied 'meaningful access' to the administrative review scheme in place." *Id.* at 1315 (internal citations omitted). "The decision of a district court to apply or not apply the exhaustion of administrative remedies requirement for ERISA claims is a highly discretionary decision which we review only for a clear abuse of discretion." *Id.*

*Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006).

The long-term disability plan documents applicable here state that a claimant "will have 180 days following receipt of an adverse benefit decision to appeal the decision."[11]  There is no allegation in plaintiff's complaint, and no indication at any other place in the record, that he filed any such appeal.  Moreover, plaintiff does not

---

[11] Doc. no. 6-2 (Long-Term Disability Plan), at ECF 19.

deny in his briefing that he failed to exhaust his administrative remedies before filing suit. Instead, he states that he

> was unaware of this requirement; simply being unaware would be no excuse, except that here, Aetna either intentionally or negligently failed to provide the Plaintiff with unambiguous guides, notices, letters, or other communications that would have resulted in his engaging in any other remedies he may have had. Thus, the very essence of this claim, that Defendant Aetna was ambiguous in the terms, language, and communications with the Plaintiff, should excuse Plaintiff from not engaging in a remedy that was hidden from him, intentionally or not, by Defendant Aetna.

Doc. no. 19 (Plaintiff's Motion in Opposition to "Defendant AETNA Life Insurance Company's Motion for Judgment on the Pleadings"), at 3-4.

That argument is unpersuasive, because plaintiff was adequately informed of his right to seek administrative review. The letter conveying Aetna's adverse claims decision stated:

> You are entitled to a review of this decision if you do not agree.
>
> To obtain a review, you or your authorized representative should submit a written request. Your request should include your group's name (e.g. employer), your name, social security number, other pertinent identifying information, comments, documents, records and other information you would like to have considered. You may also ask for copies of documents relevant to your request. Please mail or fax your request for appeal to:
>
> Aetna Life Insurance Company
> Workability Appeals
> P.O. Box 14578
> Lexington, KY 40512-4578

8

>Fax #:  855-733-1262
>
>Your written request for review must be mailed or delivered to the address above within 180 days following receipt of this notice, or a longer period if specified in your plan brochure or Summary Plan Description.  You will receive notification of the final determination within 45 days following receipt of your request.  This period may be extended up to an additional 45 days if special circumstances require such an extension, in which case you will be notified prior to the end of the first 45 day period.

Doc. no. 6-5 (October 4, 2013 Letter), at 2.

There is no other indication that plaintiff's resort to administrative remedies would have been futile or resulted in an inadequate remedy, or that plaintiff was denied meaningful access to the administrative review process.  To the contrary, the plan states that:

>You may submit written comments, documents, records, and other information relating to your claim, whether or not the comments, documents, records, or information were submitted in connection with the initial claim.  You may also request that the Plan provide you, free of charge, copies of all documents, records, and other information relevant to the claim.

Doc. no. 6-2 (Long-Term Disability Plan), at ECF 19.  This indicates that plaintiff would have had ample opportunity to gather and present evidence in support of his appeal.

In summary, plaintiff was adequately informed of, and had ample opportunity to participate in, a meaningful administrative review process, but he did not take

advantage of that opportunity. As a result, he cannot proceed with his ERISA claims in this case. *See Bickley*, 461 F.3d at 1330 (affirming district court's dismissal of ERISA complaint for failure to exhaust administrative remedies).

## IV. CONCLUSION AND ORDER

In accordance with the foregoing, both motions for judgment on the pleadings are GRANTED, and all of plaintiff's claims are DISMISSED without prejudice for failure to exhaust administrative remedies. Costs are taxed to plaintiff. The Clerk is directed to close this file.

DONE this 4th day of October, 2016.

_____
United States District Judge