FILED

2016 Nov-02  PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| TARIF QANADILO, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 5:16-cv-635** |
| | ) | |
| URS CORPORATION, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This court entered an order on October 4, 2016, granting defendants' motions for judgment on the pleadings and dismissing all of plaintiff's claims for failure to exhaust administrative remedies under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*[1]  The case presently is before the court on plaintiff's motion to alter or amend the order of dismissal.[2]

Plaintiff brings his motion pursuant to Federal Rule of Civil Procedure 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e) (alteration supplied).[3]  Motions filed under that provision are commonly referred to as motions

---

[1] Doc. no. 29 (Memorandum Opinion and Order of Dismissal).

[2] Doc. no. 30.

[3] Plaintiff's motion was timely, as it was filed on October 18, 2016, only fourteen days after this court's order on defendants' motions for judgment on the pleadings.

for reconsideration. "In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). *Cf. United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)) (bracketed alteration in original). *See also*, *e.g.*, *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (holding that a Rule 59(e) motion cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised or presented prior to the entry of judgment).

To support his motion, plaintiff presents affidavits from him and his wife, stating that, "[t]o [their] knowledge," they "never received a letter or anything else notifying [them] of an option to appeal or dispute" defendants' decision to deny plaintiff's benefits.[4]  Those affidavits may not have been *created* until after this court dismissed plaintiff's claims, but they do not constitute *newly discovered* evidence.

---

[4] Doc. no. 30-2, at ECF 1 (Affidavit of Linda Qanadilo) (alterations supplied); *id.* at ECF 2 (Affidavit of Tarif Qanadilo) (alterations supplied).  Linda Qanadilo's affidavit contains what the court will consider to be a typographical error: "To my knowledge, I, *Tarif Qanadilo*, never received a letter or anything else notifying me of an option to appeal or dispute the decision."  Linda Qanadilo Affidavit, at ECF 1 (emphasis supplied).  Because the signature line of the affidavit contains Linda Qanadilo's name, the court will overlook the typographical error and assume the affidavit was executed both by and for Linda Qanadilo.

2

There is no reason why plaintiff could not have presented those affidavits in response to defendants' motions for judgment on the pleadings, especially since plaintiff was aware that those motions were based in part upon his alleged failure to exhaust administrative remedies. *See Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed.").

Plaintiff also asserts that he could not have received Aetna's October 4, 2013 letter informing him of the denial of benefits decision and his right to request administrative review, because the heading of that letter contains only his name, not his mailing address.  It is true that the copy of the letter currently in the record does not include plaintiff's mailing address, but defendants assert that the address was redacted in accordance with this court's Local Rules in order to protect the privacy of plaintiff's personal information.[5]  There is no reason to doubt that assertion.  In fact, the court surmises that plaintiff would have complained if the letter had been filed *without* redaction of his personal information.  In any event, plaintiff could have raised the issue of his failure to receive Aetna's letter in response to defendants' motions for judgment on the pleadings, but he did not do so.[6]  Accordingly, that

---

[5] *See* doc. no. 33 (Defendants' Response to Plaintiff's Motion to Alter or Amend Judgment on the Pleadings and Objection to Plaintiff's Affidavits), at 5-6.

[6] Plaintiff should have been aware of Aetna's letter, and the redaction of his personal information, because a redacted copy of the letter was filed as an exhibit to Aetna's answer. *See* doc.

argument cannot be raised now to support reconsideration of this court's order dismissing plaintiff's claims.

For the foregoing reasons, plaintiff's motion to alter or amend is DENIED.

DONE this 2nd day of November, 2016.

_____
United States District Judge

---

no. 6-5 (October 4, 2013 Letter).